**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**George W. WOODCOCK, Jr.,**
**KBA Member No. 78720,**
**Respondent.**

**No. 2013–SC–000436–KB.**

Supreme Court of Kentucky.

Dec. 19, 2013.

---

### OPINION AND ORDER

JOHN D. MINTON, JR., Chief Judge.

Respondent, George W. Woodcock, Jr., was admitted to the practice of law in the Commonwealth of Kentucky on April 19, 1957. His bar roster address is P.O. Box 400, Mount Carmel, Illinois 62863, and his Kentucky Bar Association ("KBA") member number is 78720. Respondent was also licensed to practice law in Illinois, but was recently suspended from practicing in that state for a period of six months. At the request of the KBA, through the Office of Bar Counsel, this Court issued an order requiring Respondent to show cause why identical reciprocal discipline against him should not be imposed in Kentucky under Supreme Court Rule ("SCR") 3.435. The Respondent has since filed his response to the Show Cause Order.

Respondent's alleged misconduct, as found by the Illinois Supreme Court, stems from his representation of Orvil Hassebrock. In 2002, Samuel Fieber contacted Respondent about co-representing Mr. Hassebrock in an oil field dispute. According to the fee agreement, Mr. Fieber was to receive 12.5% of any settlement proceeds if the lawsuit settled before trial. The agreement also stated that Respon-

dent would assist Mr. Fieber in litigating the case and would be apportioned a payment from Mr. Fieber's total fee.

In April of 2004, Mr. Fieber notified Respondent that he would be withdrawing as counsel for Mr. Hassebrock. Respondent took Mr. Fieber's withdrawal as an opportunity to negotiate a new fee arrangement. On April 19, 2004, with a trial date a mere three months away, Respondent informed Mr. Hassebrock that he would also withdraw as Mr. Hassebrock's attorney unless he agreed to a new contingency fee. Accordingly, Mr. Hassebrock agreed to give Respondent one-third of any recovery up to $1,000,000.00, and one-fourth of any additional recovery. On November 26, 2004, the parties settled the matter for $2,500,000.00, plus a percentage interest in future oil production. From this settlement, Respondent received a fee in the amount of $800,000.00.

The Illinois Hearing Board filed its Report and Recommendation, finding Respondent guilty of overreaching, breach of fiduciary duty, and failing to explain a matter sufficiently for the client to make an informed decision. The Review Board affirmed the Hearing Board's findings and determined that Respondent violated the Illinois Rules of Professional Conduct ("IRPC") 1.4(b), which states that an attorney "shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." On May 22, 2013, the Illinois Supreme Court accepted the Review Board's decision and imposed a six-month suspension effective June 12, 2013.

Respondent promptly notified this Court of his suspension in June of 2013. Upon the KBA's motion, this Court ordered Respondent to show cause, if any, why reciprocal discipline pursuant to SCR 3.435 should not be imposed. The KBA also requested that this Court impose a six-month suspension consistent with the Illinois Supreme Court's May 22, 2013 judgment. Respondent filed his response to the Show Cause Order on October 21, 2013. Respondent does not contest the imposition of reciprocal discipline, but does request that the six-month suspension run concurrent with his suspension in Illinois.

SCR 3.435(4)(a)–(b) provides that, when an attorney is disciplined in another jurisdiction for professional misconduct, this Court shall impose identical discipline unless one of the following is proven: (1) a lack of jurisdiction in the out-of-state disciplinary proceedings; (2) fraud in the out-of-state disciplinary proceedings; or (3) the misconduct warrants substantially different discipline in the Commonwealth. The rule further states that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

■ Respondent has failed to show, or even allege, that the Illinois Supreme Court lacked jurisdiction or committed fraud in its disciplinary proceedings. Furthermore, we believe that Respondent's misconduct warrants the imposition of the same discipline. IRPC 1.4(b) is identical to the corresponding Kentucky rule, SCR 3.130–1.4(b), except that Kentucky's rule uses the word "should" instead of "shall." Therefore, this Court finds it appropriate to impose reciprocal discipline in the form of a six-month suspension from the practice of law. However, we must also determine whether Respondent's suspension in Kentucky should run retroactively with his suspension in Illinois.

■ In *Kentucky Bar Ass'n v. Harwood,* we discussed mitigating factors that would allow for a suspension to run retro-

actively with out-of-state discipline. 341 S.W.3d 85 (Ky.2011). Similar to *Harwood*, Respondent has provided us with several mitigating factors to support a retroactive imposition of discipline. First, Respondent self-reported the Illinois Supreme Court's discipline. Secondly, Respondent cooperated in the Illinois disciplinary proceedings. Thirdly, Respondent has practiced for over fifty years and has had no prior disciplinary history in Kentucky or Illinois. Thusly, we believe, his suspension should run retroactively.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, George W. Woodcock, Jr., KBA Member No. 78720, is hereby retroactively suspended from the practice of law in the Commonwealth of Kentucky for a period of six months, effective June 12, 2013.

2. Respondent's suspension is to run concurrently with the six-month suspension ordered by the Illinois Supreme Court on May 22, 2013 and effective June 12, 2013.

All sitting. All concur.

ENTERED: December 19, 2013.

/s/ John D. Minton, Jr.